**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JOSHUA D. McGRIFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-10-MN-SRF |
| | ) | |
| CORP. ROBERT HORSEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Joshua D. McGriff ("Plaintiff"), an inmate at James T. Vaughn Correctional Center ("JTVCC"), filed this action on January 6, 2026, alleging violations of his civil rights under 42 U.S.C. § 1983.[1] (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a).

For the reasons set forth below, the Court recommends the Complaint be DISMISSED WITHOUT PREJUDICE.

## I. BACKGROUND

The Complaint names as defendants the Delaware Department of Corrections ("DDOC"), JTVCC, Warden Brian Emig, Bureau Chief Robert May, Commissioner Terra Taylor, and four other JTVCC staff members: Corporal Robert Horsey, Corporal Tyrie Sampson, Sergeant Thongvong, and Sergeant William Howard. The Complaint also names medical provider Nwga Williams as a defendant. (D.I. 2 at 3-5) Plaintiff alleges that he was attacked by two inmates on November 15, 2025. (*Id.* at 6) The altercation occurred while defendants Horsey, Sampson and

[1] When bringing a § 1983 claim, a plaintiff must allege a deprivation of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Thongvong were issuing toilet paper, toothpaste and soap by opening cell doors instead of distributing them through the food tray flap in accordance with prison protocol. (*Id.* at 7-8)

Plaintiff alleges that he sustained injuries to his lower back, right shoulder, neck, wrist, and left eye. (*Id.* at 7) The Complaint asserts causes of action for cruel and unusual punishment and deliberate indifference under the Eighth Amendment, as well as claims sounding in negligence. (*Id.* at 6) Plaintiff sues all Defendants in their individual and official capacities, seeking monetary damages and other relief. (*Id.* at 9)

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Under 28 U.S.C. §§

1915(e)(2)(B)(i) and 1915A(b)(1), a court may dismiss a complaint as frivolous if it depends on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Dooley*, 957 F.3d at 374 (internal citations and quotation marks omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must

plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Eleventh Amendment Immunity

The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). Because the DDOC is an agency of the State of Delaware and JTVCC falls under the umbrella of the DDOC, both are immune from suit. *Parker v. May*, C.A. No. 22-1317-RGA, 2022 WL 17819653, at *2 (D. Del. Dec. 20, 2022).[2]

In addition, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). Accordingly, Section 1983 claims for monetary damages against a state official in his official capacity are

[2] In addition, a prison or a jail cannot be sued as they are not a "person" within the meaning of 42 U.S.C. § 1983. *See Crawford v. McMillan*, 660 F. App'x 113, 116 (3d Cir. 2016) ("the prison is not an entity subject to suit under 42 U.S.C. § 1983"); *Slagle v. Cty of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) ("it is well established in the Third Circuit that a prison is not a 'person' subject to suit under federal civil rights laws." (internal quotation marks and citation omitted))

barred by the Eleventh Amendment. *See id.* Plaintiff's official capacity claims against Emig, May, Taylor, Horsey, Sampson, Thongvong, and Howard are therefore barred under the Eleventh Amendment.[3]

I recommend that the Court DISMISS WITH PREJUDICE Plaintiff's claims against the DDOC and JTVCC, as well as the official capacity claims against Emig, May, Taylor, Horsey, Sampson, Thongvong, and Howard for monetary damages pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(iii) and 1915A(b)(2).

**B. Personal Involvement**

The Complaint contains no factual allegations regarding conduct attributable to May, Taylor, Howard, or Williams. Moreover, the Complaint contains only conclusory allegations that supervisory defendant Emig established or maintained a policy that directly caused a constitutional harm, citing "[t]he failure of Defendant Brian Emig to take disciplinary or other action to curb the known pattern of physical assaults of inmates by other inmates" without any supporting facts. (D.I. 2 at 7) "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

[3] Williams is identified as an employee of Centurion, a private prison healthcare provider under contract with the State of Delaware. (D.I. 2 at 5) An official capacity claim against Williams is essentially a claim against Centurion. *See Gilmore v. Lamas*, 2020 WL 703655, at *1 n.1 (E.D. Pa. Feb. 11, 2020). The Complaint does not contain any allegations specifically against Williams, let alone any assertion that Centurion had a relevant policy or custom which caused the alleged constitutional violation. *See Rivera v. Akinbayo*, C.A. No. 21-1737-MN, 2022 WL 2116961, at *4 (D. Del. June 13, 2022) ("[T]he complaint does not allege that the contract medical provider had a relevant policy or custom that caused the constitutional violation[s] [plaintiff] allege[s].") (citing *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (holding that, because vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories)).

Absent any allegation of personal involvement by May, Taylor, Howard, Williams or Emig, Plaintiff's Section 1983 claims against these defendants should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Failure to Protect**

Pursuant to the Eighth and Fourteenth Amendments, any inmate or pretrial detainee has "a clearly established constitutional right to have prison officials protect him from inmate violence." *Bistrian v. Levi*, 696 F.3d 352, 371 (3d Cir. 2012), *abrogated on other grounds as recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state a § 1983 claim for failure to protect, Plaintiff must show that a prison official was deliberately indifferent to a substantial risk of harm to Plaintiff's health and safety. *See id.* Showing deliberate indifference requires that "defendants actually knew or were aware of the significant risk of harm to the plaintiffs." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

The Complaint fails to allege actual knowledge or awareness by Horsey, Sampson, or Thongvong that preceded the November 15, 2025 incident. *Farmer*, 511 U.S. at 837 (holding that the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate … safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference."). At most, the Complaint suggests that Horsey, Sampson, and/or Thongvong acted negligently on November 15, 2025, but an allegation sounding in negligence does not give rise to § 1983 liability. *See Daniels v. Williams*, 474 U.S. 327, 331-34 (1986). No facts alleged suggest

deliberate indifference, conspiracy, or a pattern or practice of constitutionally inappropriate training. While further amendment appears futile, in an abundance of caution, the Court recommends the failure to protect claims be dismissed without prejudice .

### D. Claims Regarding Plaintiff's Medical Care

The Complaint asserts causes of action for deliberate indifference to Plaintiff's medical needs under the Eighth Amendment and negligence-based claims regarding Plaintiff's medical care. To state a plausible claim for deliberate indifference, Plaintiff must identify "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference requires a showing of "obduracy and wantonness ... [,] which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citations omitted). But the Complaint acknowledges that Plaintiff received care from in-house medical providers and casts doubt on the severity of his injuries by noting that Plaintiff "didn't feel pain at the time" of the assault. (D.I. 2 at 6-8) At best, Plaintiff alleges that the defendants were negligent in providing care, but negligence does not constitute a violation of the Eighth Amendment.[4] *See Estelle*, 429 U.S. at 105-06. To the extent Plaintiff claims he was denied treatment by outside specialists, such disagreement regarding the appropriate course of treatment is also insufficient to state an Eighth Amendment claim for deliberate indifference. *See Monmouth Cty. Corr. Inst. v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987).

---

[4] To the extent that the Complaint attempts to assert state law negligence and/or medical malpractice claims, the court lacks subject matter jurisdiction to hear those claims. *See Lewis v. Murphy*, C.A. No. 23-1199-CFC, 2025 WL 326696, at *2-3 (D. Del. Jan. 29, 2025).

Moreover, the deliberate indifference claim fails to identify any government official who was directly involved in the provision of Plaintiff's medical care.[5] Liability in a 42 U.S.C. § 1983 action is personal in nature and, to be liable, a defendant must have been personally involved in the wrongful conduct. *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015). "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Absent any allegation of personal involvement, Plaintiff's Section 1983 claim for deliberate indifference under the Eighth Amendment cannot stand.

For the foregoing reasons, I recommend that the Court dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). While further amendment appears futile, in an abundance of caution, the Court recommends that Plaintiff be granted an opportunity to amend his pleading.

## IV. CONCLUSION

For the reasons discussed above, I recommend that the Court issue an Order in the form set forth below.

## <u>ORDER</u>

At Wilmington this __th day of _____, 2026, IT IS ORDERED that:

1. The Report and Recommendation issued on September __, 2026 is **ADOPTED**.

---

[5] The SAC contains a single conclusory allegation that Emig failed to take disciplinary action to curb inmate-on-inmate assaults. (D.I. 11 at 7) This averment falls short of plausibly alleging that Emig established or maintained a policy which directly caused a constitutional harm. *Parkell v. Danberg*, 833 F.3d 313, 331 (3d Cir. 2016).

2. Plaintiff's claims against the DDOC and JTVCC, as well as the official capacity claims against Emig, May, Taylor, Horsey, Sampson, Thongvong, and Howard, are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(iii) and 1915A(b)(2).

3. The Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

4. Plaintiff is granted leave until on or before ___________, 2026 to file an amended complaint remedying the deficiencies noted in the Report and Recommendation for the claims dismissed without prejudice. The case will be closed should Plaintiff fail to timely file an amended complaint.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: September 3, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE